**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

LAVARN WATSON, :
:
    Plaintiff, :
:
vs. : CASE NO.: 1:08-CV-97 (WLS)
:
DAVID C. SPINCKER, Department :
of Veterans Affairs, Law Judge, :
JAMES PEAKE, Agency Executive :
for Department of Veterans Affairs, :
:
    Defendants. :
_____ :

## ORDER

Presently pending before the Court is Defendant's Motion to Dismiss (Doc. 10), Plaintiff's Motion for Summary Judgment (Doc. 14), and Plaintiff's Motion for Relief Under Rule 8(d) (Doc. 16). For the following reasons, Defendant's Motion to Dismiss (Doc. 10) is **GRANTED,** and the above-captioned matter is **DISMISSED WITHOUT PREJUDICE.** Plaintiff's Motion for Summary Judgment and Motion for Relief Under Rule 8(d) are **DENIED-as-moot**.

## BACKGROUND

Plaintiff, Lavarn Watson is proceeding *pro se*. (See Docket). Plaintiff *pro se*'s Complaint (Doc. 2), filed June 27, 2008, asserts that Defendants wrongfully denied him compensation for injuries sustained while on active duty. Plaintiff *pro se* filed a request for *in forma pauperis* status (Doc. 1), which was granted on July 24, 2009. (Doc. 5).

Plaintiff is a veteran of the United States Army. (Doc. 2). In 1956, while on active duty, Plaintiff was injured while picking up a foot locker. Plaintiff was later discharged, and

appropriately informed the Army of "all injuries he incurred while enlisted." (Doc. 2).[1] Plaintiff later filed a claim through the Veterans Administration ("VA") for benefits arising out of this injury and the claim was denied in 1980. (Doc. 2). In 1996, Plaintiff filed an action to reopen his VA claim and it was denied around two-years later. (Doc. 2).

Plaintiff appealed the denial to the United States Court of Appeals for the Federal Circuit in 1998 and the VA's refusal to reopen Plaintiff's claim was reversed. (Doc. 2 and 10-2). On June 27, 2007, after reopening his claim, the VA again denied the claim. (Doc. 10-2). The last operative event prior to the filing of this action occurred on June 27, 2008. (Doc. 10-2). Plaintiff does not allege that he took any further action as required or proscribed under the Veterans' Judicial Reform Act ("VJRA").

In his Complaint, Plaintiff alleges Defendants violated his constitutional rights, including the 8th and 14th Amendments. (Doc. 2). Plaintiff alleges that the VA's denial of his claim amounts to a denial of due process, which continued when the VA lost his medical records. (Doc. 2). Further, Plaintiff alleges the VA continued its violations of Plaintiff's constitutional rights by extending Plaintiff's claim for "over thirty years." (Doc. 2). Plaintiff does not discuss in a cognizable manner how these actions amount to violations of the 8th Amendment, but has stated Defendants actions amount to 8th Amendment claims in his Complaint. (Doc. 2).

In lieu of an Answer, Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 10) on September 28, 2009. In support of their claim of lack of subject matter jurisdiction, Defendants asset that this Court is precluded from asserting jurisdiction over Plaintiff's claims against the VA pursuant to 38 U.S.C. § 511. Pursuant to Court policy, on September 30, 2009, Plaintiff *pro se* was issued a Notice regarding the filing of a dispositive motion and his right to respond thereto. (Doc. 11).

---

[1] The Court is accepting the facts as plead by Plaintiff regarding the dates and events that transpired to date. Plaintiff provided no documentation in support of these assertions, even in the Motion for Summary Judgment (Doc. 14), however Defendants did not dispute the approximation of Plaintiff's dates and detail of significant events.

2

Plaintiff responded to Defendant's Motion to Dismiss on October 19, 2009. (Doc. 12). Defendants filed a Reply to Plaintiff's Response on October 28, 2009. (Doc. 13). On November 6, 2009, Plaintiff filed a Motion for Summary Judgment. (Doc. 14). On November 6, 2009, Plaintiff also filed a Motion for Relief Under Rule 8(d).[2] (Doc. 16). On November 12, 2009, Defendants filed Responses thereto. (Doc. 19 and 20). Plaintiff filed a Reply to Defendants' Responses on November 23, 2009. (Doc. 21).

## STANDARD OF REVIEW

Defendants seek to dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. 10). Rule 12(b)(1) provides in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion . . . (1) lack of subject-matter jurisdiction . . . .

Fed. R. Civ. P. 12(b)(1). Attacks on subject matter jurisdiction pursuant to Rule 12(b)(1) maybe "facial" or "factual." Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). A facial attack is based solely on the allegations of the complaint, which are taken as true for the purposes of the motion to dismiss. Id. at 1529. A factual attack challenges the existence of subject matter jurisdiction in fact, and the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. Defendant's motion to dismiss, which relies upon extrinsic evidence and is not limited solely to the pleadings, is a factual attack. Morrison v. Amway Corp., 323 F.3d 920, 925 n. 5 (11th Cir. 2003).

Defendant's reliance on Rule 12(b)(1) is based upon the well established premise that 38 U.S.C. § 511(a) precludes this Court's exercise of subject matter jurisdiction over Plaintiff's claims arising from benefit determinations. Slater v. United States, 175 F.App'x 300 (11th Cir.

---

[2] Plaintiff's Motion for Relief Under Rule 8(d) moved the Court to admit the allegations within Plaintiff's complaint on the basis that Defendants failed to admit or deny Plaintiff's allegations.

3

2006) (unpublished opinion) ("[w]e have no jurisdiction over any decision of law or fact necessary to the provision of benefits by the Secretary to veterans ..."); Hall v. U.S. Dep't of Veterans Affairs, 85 F.3d 532 (11th Cir. 1996) (district court properly dismissed complaint alleging improper reduction of veterans' disability benefits for lack of subject matter jurisdiction). Section 511(a) provides:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). See Kumnick v. U.S., No. 8:05-CV-01511-JDW-MAP, 2007 WL 4614771 *2 (M. D. Fla. Dec. 31, 2007) ("This Court has no jurisdiction to review the denial of veterans benefits.") (citations omitted).

Here, upon reviewing Plaintiff *pro se*'s Complaint (Doc. 2) and Response (Doc. 12), the Court finds that the procedural rules regarding a Rule 12(b)(1) facial attack must be slightly relaxed. The Court is further "mindful that *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652, 654 (1972); Hall v. U.S. Dept. Veterans' Affairs, 85 F.3d 532, 535 (11th Cir. 1996). Despite the Court's favorable view towards Plaintiff, a review of Plaintiff's Complaint shows that each of Plaintiff's three (3) causes of actions result from injuries he alleges result from an improper VA benefit determination.

It is well established that 38 U.S.C. § 511 precludes judicial review of VA benefits. Moreover, the statutory bar to judicial review may not be circumvented by characterizing what are in essence challenges to VA benefits determinations in constitutional terms. See Kumnick v. U.S., No. 8:05-CV-01511-JDW-MAP, 2007 WL 4614771 *3 (M. D. Fla. Dec. 31, 2007) (citing

Cheves v. Dep't of Veterans Affairs, 227 F.Supp.2d 1237, 1246 (M.D.Fla.2002) (dismissing plaintiff's claim that the VA failed to inform him of his right to appeal his disability rating and denial of benefits for lack of subject matter jurisdiction).

The gravamen of Plaintiff's claims turn on the fact that he was denied benefits.[3] (See Doc. 2, 12, 14, 16, and 21). Plaintiff's claims regarding the VA's benefit are not properly before this Court. In this case, Plaintiff is not eligible for judicial review; any appeal of his entitlement to benefits may be had only by appealing to the Board of Veterans' Appeals, then to the Court of Veterans Appeals, then to the Federal Circuit Court of Appeals and finally to the United States Supreme Court. See Hall v. U.S. Dept. Veterans' Affairs, 85 F.3d 532, 534 (11th Cir. 1996). Even Plaintiff's claims regarding the destruction of his medical records must be first brought before the proper administrative body.[4] The Court reminds Plaintiff that the above is not a discussion of the merits of his claims. Plaintiff may have relief in other venues, but that relief cannot be provided by this Court. Accordingly, Defendant's Motion to Dismiss (Doc. 10) is **GRANTED**. In light of the Court's grant of Defendant's Motion to Dismiss (Doc. 10), the Court need not discuss Plaintiff's Motion for Summary Judgment (Doc. 14) and Plaintiff's Motion for Relief Under Rule 8(d) (Doc. 16). Therefore, Plaintiff's Motion for Summary Judgment (Doc. 14) and Plaintiff's Motion for Relief Under Rule 8(d) (Doc. 16) are **DENIED-as-moot.**

---

[3] Even if a formal eligibility determination was not made, federal district courts do not have subject matter jurisdiction over claims that benefits decisions were not made or were made untimely. Kumnick v. U.S., No. 8:05-CV-01511-JDW-MAP, 2007 WL 4614771 (M. D. Fla. Dec. 31, 2007).

[4] Plaintiff did not assert a claim for negligence arising from the alleged destruction of his medical records. While a closer question, the negligence claim would not lend jurisdiction to this Court. See the Court's discussion in Kumnick v. U.S., No. 8:05-CV-01511-JDW-MAP, 2007 WL 4614771 (M. D. Fla. Dec. 31, 2007) where the Court determined that the issue of negligence remained a precursor to a VA benefits determination. Compare Quarles v. United States, 731 F.Supp. 428 (D. Kan. 1990) (plaintiff's claim that defendant armed services negligently destroyed his medical records, which allegedly precluded him from proving service-connected illnesses, would require court to determine whether, but for the missing records, plaintiff should have been awarded disability benefits).

5

**CONCLUSION**

Defendant's Motion to Dismiss (Doc. 10) is **GRANTED,** and the above-captioned matter is **DISMISSED WITHOUT PREJUDICE.** Plaintiff's Motion for Summary Judgment (Doc. 14) and Motion for Relief Under Rule 8(d) (Doc. 16) are **DENIED-as-moot**.

**SO ORDERED**, this  21st  day of September, 2010.

     /s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**